**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000926**
**26-JAN-2021**
**08:05 AM**
**Dkt. 48 SO**

NO. CAAP-18-0000926

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DONNA C. WORDEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DTC-18-050341)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Donna C. Worden (**Worden**) appeals from the Judgment and Notice of Entry of Judgment, filed on October 4, 2018, in the District Court of the Third Circuit, Kona Division (**District Court**).[1]  After a bench trial, Worden was convicted of Reckless Driving, in violation of Hawaii Revised Statutes (**HRS**) § 291-2 (2007).[2]

On appeal, Worden contends that:  (1) the District Court erred in admitting a speed reading from a radar device due to lack of foundation; and (2) there was insufficient evidence to support her conviction.

---

[1]    The Honorable Margaret K. Masunaga presided.

[2]    HRS § 291-2 states:

> **Reckless driving of vehicle or riding of animals; penalty.**  Whoever operates any vehicle or rides any animal recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle or reckless riding of an animal, as appropriate, and shall be fined not more than $1,000 or imprisoned not more than thirty days, or both.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Worden's points of error as follows:

(1)  We conclude that the District Court erred in admitting Officer Dayson Taniguchi's (**Officer Taniguchi**) testimony regarding the speed reading from his radar device.

> To lay a foundation for the introduction of a speed measurement by a radar device, the State must demonstrate that:  (1) the police officer who used the device was <u>trained</u> as required by the device manufacturer; and (2) the device's accuracy was <u>tested</u> according to manufacturer-recommended procedures and was operating properly prior to use.

State v. Weber, 148 Hawaiʻi 225, ___ , 468 P.3d 768, 770 (App. 2020).  At trial, there was no evidence presented that Officer Taniguchi was trained to use his radar device as required by the manufacturer and that the device was tested according to the manufacturer-recommended procedures.  Accordingly, Officer Taniguchi's testimony regarding the speed reading from his radar device lacked foundation and was improperly admitted.

Nevertheless, we conclude that on the entire record, the District Court's error was harmless beyond a reasonable doubt.  See State v. Jones, 148 Hawaiʻi 152, 170, 468 P.3d 166, 184 (2020) ("Erroneously admitted evidence is evaluated under the harmless beyond a reasonable doubt standard." (quoting State v. Matsumoto, 145 Hawaiʻi 313, 327, 452 P.3d 310, 324 (2019))).  In evaluating whether an erroneous admission of evidence is harmless, the supreme court has explained:

> [E]rror is not to be viewed in isolation and considered purely in the abstract.  It must be examined in light of the entire proceedings and given the effect to which the whole record shows it is entitled.  In that context, the real question becomes whether there is a *reasonable possibility that error might have contributed to conviction*.  If there is such a reasonable possibility in a *criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside*.

State v. McCrory, 104 Hawaiʻi 203, 210, 87 P.3d 275, 282 (2004) (quoting State v. Gano, 92 Hawaiʻi 161, 176, 988 P.2d 1153, 1168 (1999)); see State v. Lora, 147 Hawaiʻi 298, 310, 465 P.3d 745, 757 (2020).

2

To establish that Worden committed reckless driving, the State was required to prove beyond a reasonable doubt that Worden operated a vehicle recklessly in disregard of the safety of persons or property.  See HRS § 291-2.  It was not required to prove the specific speed at which Worden was traveling.

At trial, Officer Taniguchi testified that on January 18, 2018 at about 7:30 a.m., he was patrolling Queen Kaahumanu Highway (**Highway**), just south of Kua Bay.  While traveling northbound on the Highway, he observed a white Mazda pick-up truck in the southbound lane overtake three to four other southbound vehicles.  He testified that "it was very, very obvious that [the truck] was going at a higher rate of speed than the normal flow of traffic . . . ."  Officer Taniguchi estimated that when the truck passed these other vehicles, they were traveling at approximately 60 miles per hour in a 55 mile per hour zone.  To overtake the other vehicles, the truck "pulled out on the right side of traffic into a merge lane."  When the merge lane ended, the truck crossed the solid white line on the right side of the Highway and continued straight onto the shoulder.  After passing the other vehicles, the truck then made an "abrupt" and "quick" turn back into the southbound lane of traffic.  Officer Taniguchi made a u-turn, conducted a traffic stop of the truck, and identified Worden as the driver.  When Officer Taniguchi approached the driver's side of the vehicle, he observed that "the gauge cluster -- where you read your speed -- where all the functions of the vehicle are, was completely covered with papers[,]" such that the driver "would not be able to tell how fast they were going[.]"  During the traffic stop, Worden admitted driving on the shoulder of the Highway.

Worden testified that on the morning at issue, there was heavy southbound traffic on the Highway, and she had to down shift "[b]ecause everybody's going too slowly."  She testified that she was "[d]esperately trying to pass people going about 40 miles an hour by passing on the right, which [she] should not have done[.]"  She further stated "there are actually signs posted on that highway that say no passing on that shoulder and I'm very careful not to do that[,]" but went on to admit that she

3

should not have passed on the right. Worden testified that the vehicles in front of her "were all bunched together and I had to get past[ ]the front one because there's really no room to get in and people tend to be mean and not let you in -- also -- so I just zoomed on the right and pulled in and continued in the southbound lane." When asked why she was "desperately trying to pass on that day[,]" Worden responded in part: "I like to be on time [for work], and when I think it's going to take a certain amount of time to get there and people are traveling 10, 15 miles below the speed limit, it very much affects how much . . . time it takes to get somewhere."

The District Court summarized the above testimony of Officer Taniguchi and Worden in finding Worden guilty beyond a reasonable doubt of reckless driving. In reaching this conclusion, the District Court did not cite the specific speed reading of Worden's vehicle as measured by Officer Taniguchi's radar device.

On this record, we conclude that the State produced "overwhelming and compelling evidence tending to show [Worden] guilty [of reckless driving] beyond a reasonable doubt." State v. Texeira, 147 Hawaiʻi 513, 538, 465 P.3d 960, 985 (2020) (quoting State v. Rivera, 62 Haw. 120, 127, 612 P.2d 526, 532 (1980)). Based on the largely unrebutted testimony of Officer Taniguchi, there appears to be no substantial dispute that Worden, in order to overtake several vehicles on the Highway, pulled out on the right side of traffic into a merge lane, crossed a solid white line when the merge lane ended, and continued straight on the shoulder to complete the passing maneuver, before turning abruptly and quickly back onto the southbound lane of traffic. Worden herself admitted that she knowingly passed several other vehicles on the right, which she knew she should not have done, and that she "just zoomed on the right and pulled in and continued in the southbound lane." The District Court could reasonably have inferred based on the overwhelming evidence of Worden's actions, including her own testimony regarding her actions, that Worden acted with a reckless state of mind, *i.e.*, that she consciously disregarded a

substantial and unjustifiable risk to the safety of persons or property, HRS § 702-206(3), and that her disregard of the risk constituted "a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation."  HRS § 702-206(3)(d); see State v. Agard, 113 Hawaiʻi 321, 324, 329, 151 P.3d 802, 805, 810 (2007).  Considering the entire record in this case, we conclude there is no reasonable possibility that the admission of Officer Taniguchi's testimony regarding the speed reading from his radar device contributed to Worden's conviction.

(2)  Considering only the evidence properly admitted at trial, State v. Wallace, 80 Hawaiʻi 382, 414 n.30, 910 P.2d 695, 727 n.30 (1996), in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), we also conclude there was sufficient evidence to support Worden's conviction for reckless driving.

As set forth above, Officer Taniguchi testified that Worden pulled out on the right side of traffic into a merge lane, crossed a solid white line when the merge lane ended, and continued straight on the shoulder in order to pass several other vehicles on the Highway, before making an "abrupt" and "quick" turn back onto the southbound lane of traffic.  Officer Taniguchi estimated that when Worden passed the other vehicles, the other vehicles were traveling at approximately 60 miles per hour in a 55 mile per hour zone.  There was no objection to this testimony regarding the other vehicles' speed.  While Worden disputed her own speed in passing the other vehicles, it was within the province of the trier of fact – here, the District Court – to pass upon issues regarding the credibility of witnesses and the weight of the evidence.  See State v. Stocker, 90 Hawaiʻi 85, 90, 976 P.2d 399, 404 (1999) (quoting State v. Lee, 90 Hawaiʻi 130, 134, 976 P.2d 444, 448 (App. 1999)); State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999).  Further, Worden's own testimony regarding her actions, including that she was "[d]esperately trying to pass people . . . on the right," which she knew she should not have done, supports the inference that she made a conscious decision to drive recklessly.

Upon review of the properly admitted evidence, we conclude there was substantial evidence that Worden's conduct put other persons and property on the Highway at "substantial and unjustifiable risk," HRS § 702-206(3), that Worden consciously disregarded this risk, id., and that her disregard of the risk constituted "a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation." HRS § 702-206(3)(d); see Agard, 113 Hawai'i at 324, 329, 151 P.3d at 805, 810. Accordingly, on this record, the evidence was sufficient to support Worden's conviction for reckless driving.

Therefore,

IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, filed on October 4, 2018, in the District Court of the Third Circuit, Kona Division, is affirmed.

DATED: Honolulu, Hawai'i, January 26, 2021.

On the briefs:

| | |
|---|---|
| Alan K. Akao, | /s/ Lisa M. Ginoza |
| Deputy Public Defender, | Chief Judge |
| for Defendant-Appellant. | |
| | |
| Stephen L. Frye, | /s/ Keith K. Hiraoka |
| Deputy Prosecuting Attorney, | Associate Judge |
| County of Hawai'i, | |
| for Plaintiff-Appellee. | |
| | /s/ Clyde J. Wadsworth |
| | Associate Judge |